Steven C. Finley CSB# 074391
HENNEFER, FINLEY & WOOD, LLP
11 Embarcadero West, Suite 140
Oakland CA 94607
Telephone:(510) 444 0111
Facsimile:(415) 296-7111
Email: SFinley@finleylaw.biz

Attorneys for Plaintiff Terri Adams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRI ADAMS,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF HAYWARD, a Municipality, GALE EAKIN, a Police Officer, ANTWAN NGUYEN, a Police Officer, Officer TINA MILLS, a Community Services Officer, and JONATHAN COLTON, a Community Services Officer<br><br>            Defendants. | Case No.: C-14-5482(KAW)<br><br>STIPULATION PERMITTING FILING OF FIRST AMENDED COMPLAINT |

By and through their attorneys of record in this action, the parties do hereby STIPULATE to the filing of a First Amended Complaint by plaintiff in the form attached hereto as Exhibit A.

DATED: APRIL 20, 2015

HENNEFER FINLEY & WOOD LLP

By *[signature]*

Steven C. Finley Esq.

Attorneys for plaintiff Terri Adams

DATED: APRIL 20, 2015

OFFICE OF THE CITY ATTORNEY
CITY OF HAYWARD

By *[signature]*

Justin Nishioka Esq.
Deputy City Attorney
Attorneys for defendants

**GRANTED**
*[signature]* Kandis Westmore
Judge Kandis Westmore

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

Steven C. Finley CSB# 074391
HENNEFER, FINLEY & WOOD, LLP
11 Embarcadero West, Suite 140
Oakland CA 94607
Telephone:(510) 444 0111
Facsimile:(415) 296-7111
Email: SFinley@finleylaw.biz

Attorneys for Plaintiff Terri Adams

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TERRI ADAMS<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CITY OF HAYWARD, a Municipality, GALE EAKIN, a Police Officer, ANTWAN NGUYEN, a Police Officer, Officer TINA MILLS, a Community Services Officer, and JONATHAN COLTON, a Community Services Officer<br><br>　　　　　　Defendants. | Case No.: C-14-5482(KAW)<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, PERSONAL INJURIES AND DAMAGES (Excessive Force by Police Officers)<br><br><br>Demand for Jury Trial |

Plaintiff, by and through her attorneys, alleges:

**I.　　JURISDICTION**

1.　　This is a civil rights action arising from defendants' unreasonable seizure and use of excessive force against plaintiff on November 30, 2013 in the City of Hayward, Alameda County

-1-
**FIRST AMENDED COMPLAINT - C-14-5482 (KAW)**

California. This action is brought pursuant to 42 USC ¶¶1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 USC ¶¶1331 and 1343(a) (3) and (4) and the aforementioned statutory and constitutional provisions. Plaintff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC ¶1367 to hear and decide claims arising out of the same facts under state law.

## II. VENUE

2. All of the events complained of herein occurred in Alameda County and therefore this action is properly venued in the Oakland division of the United States District Court of California pursuant to 28USC¶1391(b)(2).

## III. FACTS

3. Plaintiff is, and has at all material times been, a citizen and resident of Alameda County California.

4. Defendant City of Hayward is a California municipality and defendants Eakin, Nguyen, Mills and Colton are employed police or community service officers acting within the course and scope of their agency and employment and pursuant to the City's policies and procedures.

5. On November 29, 2013, plaintiff was stopped and arrested by Hayward police on an outstanding traffic warrant. After spending the night in a cell, plaintiff complained of lower back pain due

to a previous motor vehicle accident and requested medical attention and transport to hospital.

6. On the morning of November 30, 2013, plaintiff was handcuffed and led to a police car by defendant Officers Eakin and Nguyen.

7. Officer Eakin was at that time the Jail Supervisor of the City of Hayward, charged with ultimate responsibility for the safety, security and welfare of prisoners under the Hayward Police Department Policy Manual.

8. Officers Nguyen and Eakin directed plaintiff to get in the back of the police car. When plaintiff complained that her back hurt too much to get into the car and asked for an ambulance, Officer Eakin pulled plaintiff down out of the car by her hair, placed her on the ground, put her booted foot on her back, and kicked the side of her body, while Officer Nguyen ground her hand into the floor while she lay prone on the ground. Officer Eakin subsequently filed a false report stating that plaintiff had asked to lay on the ground and that she (Eakin) had placed her foot on plaintiff to stabilize her.

9. After the paramedics and ambulance arrived, plaintiff was taken to the emergency department of St. Rose Hospital where Officer Nguyen checked her in and provided St. Rose with the details of her admission.

10. After plaintiff was released from St. Rose Hospital, she was taken to Santa Rita jail by Officer Nguyen. At the Santa Rita jail, while plaintiff was speaking to jail personnel at the counter, she was physically assaulted from behind by Officers Mills and Colton who forced plaintiff to the floor, dragged her along the floor and threw her into a confinement cell.

11. Officers Mills and Colton then filed false reports stating that plaintiff had become aggressive and raised her arm towards Officer Mills.

12. Plaintiff filed a Claim with the City of Hayward ("the City") on March 28, 2014 and requested retention and production of the City's video tape which recorded the incident or at least some part of the incident at the Hayward police station and the video of the above stated events which occurred at the Santa Rita jail.

13. On June 16, 2014 the city clerk mailed plaintiff a "Notice of Rejection of Claim." and advised that plaintiff had 6 months to file a claim in court.

14. On October 1, 2014 the Records Administrator of the Hayward Police Department advised plaintiff by letter that the surveillance video at the jail would not be disclosed "due to the fact that it would hinder the successful completion of the investigation or related investigation" and to check back after December1, 2014 "... when the investigation is expected to be

completed", and that the video at the Santa Rita jail was owned and controlled by the Alameda County Sheriff's Department.

15. On December 12, 2014 the city produced the video which depicts unreasonable and excessive force committed by defendants against plaintiff. The video may be viewed at control + http://upgrade-sf.com/finleydata/97hs74hkuj4h7d90d/Screen%2003-16-2015%2019-38-56.avi

16. As part of its Initial Disclosure on or about April 7, 2015 the city produced a video of the assault on plaintiff by Officers Mills and Colton. These videos may be viewed at control + http://www.upgrade-sf.com/finleydata/kuewuv83kjbq23m6/6133-2.avi, and http://www.upgrade-sf.com/finleydata/7d98h4vsdn920w/6133-3.avi.

### FIRST COUNT - VIOLATION OF CIVIL RIGHTS

### (42 USC¶1983)

17. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 16 above as though fully set forth herein.

18. In doing the acts complained of above defendant Officers Eakin, Nguyen, Mills and Colton acted under color of law to deprive plaintiff of her constitutionally protected right to be free from the excessive and unreasonable use of force and the arbitrary and oppressive exercise of governmental power as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

19. Defendant City of Hayward is liable for the actions of officers Nguyen and Eakin, since Eakin was the Jail Supervisor charged with ultimate responsibility for prisoner safety and her actions constituted an act of governmental policy. The City of Hayward also has a custom or practice of filing false police reports and ratifying the abuse committed by its officers after investigation. Upon information and belief, the City failed to properly train and/ or supervise Officers Mills and Colton. As a proximate result of defendants conduct, plaintiff suffered injuries and damages according to proof.

20. Defendants acted maliciously, intentionally and oppressively in conscious disregard of plaintiff's rights, entitling plaintiff to an award of punitive damages.

## SECOND COUNT - VIOLATION OF CIVIL RIGHTS
### (Cal Civil Code ¶52.1(b))

21. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 20 above as though set out fully herein.

22. Defendants, acting under color of law, have interfered with and violated plaintiff's right to be free of unreasonable seizure and use of excessive force, guaranteed to her by both the California and United States Constitutions and are therefore liable to plaintiff for damages, both compensatory and punitive under Civil Code ¶¶52.1(b) and (h) and 3294.

### THIRD COUNT - ASSAULT

23. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 20 above as though set out fully herein.

24. Every person has the right of protection from bodily restraint or harm. California Civil Code ¶43. Additionally every person has the right to live without being put in fear of personal harm. *Lowry v Standard Oil Co. of California* 63 Cal. App 2d 1, 7(1944).

25. On November 30, 2013 defendants demonstrated an unlawful intent to inflict or unlawfully allow the infliction of immediate injury on plaintiff.

26. Plaintiff was harmed or injured as a result of this unlawful conduct on the part of defendants.

### FOURTH COUNT - BATTERY

27. Plaintiff realleges and incorporates the allegations of paragraphs 1 through 20 above as though fully set forth herein.

28. Defendants' conduct constituted unreasonable and excessive force which was harmful and offensive to plaintiff and would have been harmful and offensive to any reasonable person.

WHEREFORE, plaintiff prays for damages against defendants as follows:

1. Damages for personal injuries, loss of income, humiliation, pain and suffering;

2. Punitive damages;

-7-

**FIRST AMENDED COMPLAINT - C-14-5482 (KAW)**

3. Attorneys fees and costs;

4. Such other damages and relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL:**

Plaintiff demands a jury for the trial of this action.

DATED: April 19, 2015         HENNEFER, FINLEY & WOOD, LLP

                        By: _____
                            Steven C. Finley, Esq.
                            Attorneys For Plaintiff Terri Adams