UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ADAMS,<br>  Plaintiff,<br> v.<br>CITY OF HAYWARD, et al.,<br>  Defendants. | Case No. 14-cv-05482-KAW<br><br>**ORDER REGARDING MOTION TO WITHDRAW AS COUNSEL; MOTION TO CONTINUE OPPOSITION DEADLINE**<br><br>Re: Dkt. No. 55, 56 |

Steven C. Finley moves to withdraw as Plaintiff's counsel. Defendants oppose the motion, which the Court deems suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). Mr. Finley has also filed an administrative motion to extend the deadline for Plaintiff's opposition to Defendants' summary judgment motion. Having considered the papers filed by the parties and the relevant legal authority, the Court GRANTS the motion to withdraw for the reasons set forth below. The motion for an extension of the opposition deadline is TERMINATED AS MOOT, given that Mr. Finley filed the opposition by the September 10 deadline.

**I. BACKGROUND**

Plaintiff Terri Adams, currently represented by Steven C. Finley, commenced the above-captioned case on December 16, 2014. (Compl., Dkt. No. 1.) Dispositive motions are to be heard by no later than October 1, 2015, and trial is set to commence on December 8, 2015. (March 20, 2015 Order at 7, Dkt. No. 20.)

On June 11, 2015, the parties completed early neutral evaluation, but the case did not settle. (Certification of ENE, Dkt. No. 38.) On July 23, 2015, Mr. Finley filed a motion to withdraw. (Mot. to Withdraw, Dkt. No. 40.) After the Court denied the motion without prejudice,

Mr. Finley filed a renewed motion on August 31, 2015, along with an administrative motion to extend the deadline for Plaintiff's opposition to Defendants' summary judgment motion.[1] (Mot. to Withdraw, Dkt. No. 55; Mot. for Extension, Dkt. No. 56.) The same day, Defendants filed their opposition to the motion to withdraw. (Defs.' Opp'n, Dkt. No. 58.) Consistent with the briefing schedule set by the Court at the case management conference held on August 25, 2015, Plaintiff did not file a reply.

## II.   LEGAL STANDARD

Under Civil Local Rule 11-5(a),"[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The rule further provides that:

> When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se. When this condition is imposed, counsel must notify the party of this condition. Any filed consent by the party to counsel's withdrawal under these circumstances must include acknowledgment of this condition.

Civil L.R. 11-5(b).

Withdrawal is governed by the California Rules of Professional Conduct. *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to withdrawal by attorney). California Rule of Professional Conduct 3-700(C) sets forth several grounds under which an attorney may request permission to withdraw. Counsel may withdraw from representation in any matter in which the client "breaches an agreement or obligation to the member as to expenses or fees," has made it "unreasonably difficult for the member to carry out the employment effectively," or "knowingly and freely assents to termination of the employment." Cal. Rules of Prof'l Conduct 3-700(C)(1)(d), (f) & (C)(5). The court has discretion to grant or deny a motion to withdraw, and it can exercise that discretion, and decide to deny such a motion, "where such withdrawal would work an injustice or cause undue delay in the proceeding." *Gong v. City of Alameda*, No. 03-5495 THE, 2008 WL 160964, at *1 (N.D. Cal. Jan. 8, 2008) (citation

---

[1] On August 28, 2015, Plaintiff, acting on her own, filed copies of emails between her and counsel regarding this case. Emails, Dkt. No. 53; Finley Decl. ¶ 5, Dkt. No. 55-1.

and quotations omitted).

### III. DISCUSSION

Mr. Finley moves to withdraw on the grounds that Plaintiff's conduct has rendered it unreasonably difficult to carry out the representation, Plaintiff has breached an agreement regarding payment of expenses, and Plaintiff has requested and consented to termination of the representation. (Mot. at 1.)

In opposition, Defendants concede that Plaintiff "seems like a difficult person to work with" but nonetheless argue that Mr. Finley's motion should be denied because any delay will result in prejudice and because Plaintiff lacks the expertise necessary to prosecute this case through trial. (Defs.' Opp'n at 2.) These arguments are unpersuasive. Defendants have not offered anything in support of their assertion that delay will cause them prejudice. Granting the instant motion does not change what work has to be done; it merely changes when that work has to be done. That alone does not prejudice the City. Furthermore, the Court is sensitive to Defendants' preference to litigate this case against a represented, rather than pro se, plaintiff. It is, however, Plaintiff's decision to proceed in this action pro se or to secure replacement counsel.

In this case, Mr. Finley has submitted a declaration in which he states, among other things, that Plaintiff is in breach of an agreement to pay expenses and that Plaintiff has requested that he withdraw as counsel. (Finley Decl. ¶¶ 6(1), 6(3), Dkt. No. 55-1.) This satisfies California Rule of Professional Conduct 3-700(C)(1)(f) and 3-700(C)(5).

Additionally, Mr. Finley has, with Plaintiff's help, shown that Plaintiff's conduct has rendered it unreasonably difficult to carry out the representation. On August 28, 2015, Plaintiff, acting on her own, filed five emails between her and Mr. Finley, which "stat[e] the reasons why Plaintiff Terri Adams is requesting Attorney Steven Finley to Withdraw as Counsel." (Emails; Finley Decl. ¶ 5.) In one email, Plaintiff writes:

> [A]s per our conversation today I requested that you obey the judge's request to re-submit your motion to withdraw and fully disclose the reasons for the motion. Please continue your scheduled depositions for officers Eakin and Mills with Nguyen and colten to follow asap and please don't forget that this is my case and that for the remainder of the time being please respect my wishes and have all four of the officers deposed and ready for trial before our next hearing, thank you no one

3

>is to be left out I just want to be clear on that
>
>1. that you edited/modified a key piece of evidence in my case.
>2. that you are working with the defense in de-railing my case.
>3. you are trying to let a guilty officer who is a party this action out of the lawsuit.
>4. I have lost confidence in your ability to represent me.
>5. I don't feel that you have my best interest at heart.
>6. you have not provided an adequate representation of my case to this date.

(*Id.* at 5 (errors in original).)  This correspondence reflects a complete breakdown of the attorney-client relationship, which justifies permitting Mr. Finley to withdraw as counsel.

## IV.   CONCLUSION

For the reasons set forth above, Mr. Finley's motion to withdraw as counsel is GRANTED on the following conditions:  (1) Mr. Finley shall continue to serve Plaintiff with all papers filed in this action until (a) Plaintiff files a notice of intent to proceed pro se or (b) her replacement counsel files a notice of appearance, (2) Mr. Finley shall file proof of such service with the Court, (3) Mr. Finley shall obtain a statement from Plaintiff indicating her acknowledgment of the condition regarding service of Court papers, in accordance with Civil L.R. 11-5(b).

Mr. Finley's motion to extend the deadline for Plaintiff's opposition to Defendants' motion for summary judgment is TERMINATED AS MOOT.  All currently scheduled hearings, pretrial dates, and trial dates are VACATED.  By no later than October 30, 2015, Plaintiff shall file a notice of intent to proceed pro se, or, if she obtains replacement counsel, her new attorney shall file a notice of appearance.  The Court will hold a further case management conference on November 17, 2015, and the parties shall, if possible, file a joint case management conference statement by no later than November 10, 2015.  If the parties are unable to submit a joint statement because of Plaintiff's pro se status, they are to file separate statements.  At the case management conference, the Court will set a new hearing date for Defendants' summary judgment motion.  If Plaintiff wishes to seek an extension of the October 30, 2015 deadline, she must file a motion indicating the reason for the request, along with a declaration listing the names and contact information of the attorneys she has contacted as part of her efforts to secure replacement counsel.  If Plaintiff chooses to proceed pro se, she must follow all of the rules of this Court and the Federal Rules of Civil Procedure.  Her case management statement should comply with the Standing

Order for All Judges of the Northern District of California, available at http://www.cand.uscourts. gov/kaworders.

Mr. Finley shall serve Plaintiff with a copy of this order, the Court's Handbook for Pro Se Litigants, and the pamphlet for the Federal Pro Bono Project's Legal Help Center. He shall also file proof of such service with the Court.

**IT IS SO ORDERED.**

Dated: 09/11/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

5