<div align="center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

</div>

TERRI ADAMS,

        Plaintiff,

    v.

CITY OF HAYWARD, et al.,

        Defendants.

Case No.  14-cv-05482-KAW

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Re: Dkt. No. 60

On September 2, 2015, Plaintiff filed a motion in which she requests court-appointed counsel.  (Pl.'s Mot., Dkt. No. 60.)  In general, there is no right to appointed counsel in a civil action.  *See United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978).  But the court, in its discretion, may appoint counsel under 28 U.S.C. § 1915(e)(1) if it finds that there are "exceptional circumstances."  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  When determining whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved in the case.  *Id.*

In this case, Plaintiff requests appointed counsel because "she is not able to investigate crucial facts on account of the [l]imitations of her current medical health conditions, based on her [c]urrent health care restrictions."  (Pl.'s Mot. at 2.)  She does not, however, specify what those conditions are, the limitations that result from them, or how, if at all, they impact her ability to articulate her claims in light of the complexity of the legal issues involved in the case.  (*Id.*)  Indeed, Plaintiff commenced this action pro se, and in her complaint, she adequately alleges the substance of her claims.  In light of this, there is nothing to suggest that Plaintiff's claimed medical conditions negatively impact her ability to articulate her claims in light of the straightforward legal

<div style="writing-mode: vertical-rl;">United States District Court<br>Northern District of California</div>

United States District Court
Northern District of California

issues involved in this § 1983 case.  Nor does it appear that Plaintiff's likelihood of success on the merits, at this stage of the case, warrants appointment of counsel.[1]

For these reasons, Plaintiff has not shown that exceptional circumstances warrant appointment of counsel, and as a result, her motion to appoint counsel is DENIED. Nonetheless, the Court will refer her to the Federal Pro Bono Project for free limited legal assistance.  Plaintiff may contact the Federal Pro Bono Project by calling the appointment line at (415) 782-8982 or by signing up for an appointment in the appointment book located outside the San Francisco or Oakland Legal Help Center office.  Appointments are held Monday through Friday at various times throughout the day.  Plaintiff can speak with an attorney who will provide basic legal help, but not legal representation.

Because the instant motion is DENIED, Plaintiff must comply with the Court's order granting Mr. Finley's motion to withdraw.  If Plaintiff has failed to secure replacement counsel by the next case management conference, the Court will discuss whether it is appropriate for Plaintiff to file a renewed motion to appoint counsel at that time or whether it might be more appropriate to appoint pro bono counsel for the limited purposes of assisting Plaintiff with settlement negotiation in a mediation or a settlement conference with a magistrate judge.

IT IS SO ORDERED.

Dated: 09/11/2015

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] In her motion, Plaintiff also indicates that she is "currently being represented by counsel . . . [who] is either unwilling or otherwise unable to continue in this litigation."  Pl.'s Mot. at 2.  The Court notes that counsel withdrew at Plaintiff's request.  *See* Dkt. Nos. 53, 55.