UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ADAMS,<br>    Plaintiff,<br>    v.<br>CITY OF HAYWARD, et al.,<br>    Defendants. | Case No. 14-cv-05482-KAW<br><br>CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL |

1. <u>TRIAL DATE</u>

    a. Jury trial will begin on February 6, 2017 at 9:00 a.m. at the U.S. District Court, 1301 Clay Street, Oakland, California. For courtroom number and floor information, please check the Court's on-line calendar at www.cand.uscourts.gov/judgeswkcal one week prior to trial, or call Susan Imbriani (Judge Westmore's Courtroom Deputy) at (510) 637-3525.

    b. The length of the trial will be not more than 5 days. The Court may shorten the allotted time as it deems appropriate, and may also allocate a fixed number of hours for each side. Court hours for trial are normally 9:00 a.m. to 3:00 p.m., subject to the Court's availability.

2. <u>DISCOVERY AND EXPERT DISCLOSURES</u>

    a. All non-expert discovery shall be completed by September 19, 2016.

    b. Experts shall be disclosed and reports provided by September 19, 2016.

    c. Rebuttal experts shall be disclosed and reports provided by October 3, 2016.

    d. All discovery from experts shall be completed by October 17, 2016.

3. <u>PRETRIAL MOTIONS</u>

    a. The last day for hearing dispositive motions shall be November 17, 2016.

    b. Only one summary judgment motion may be filed by each side, absent leave of court. Leave of court may be sought if multiple parties comprise one or both sides.

|   |   |
|---|---|
|   | Leave of court may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11, or by requesting a case management conference or informal telephone conference. |
| c. | Separate statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed. See Civil L. R. 56-2. The parties may file a truly joint statement of undisputed facts only if all parties agree that the facts are undisputed. |
| d. | Objections to evidence may no longer be filed separately but must be contained within the opposition or reply brief or memorandum. Civil L. R. 7-3. |
| e. | Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority that the party requests the court to adopt. |
| f. | Chambers copies of each electronically-filed dispositive motion must include on each page the running header created by the ECF system and must be delivered to the Clerk's Office by noon the day following its filing.  All documents must be stapled or bound by a two-pronged fastener, and all exhibits to declarations or requests for judicial notice must be tabbed. |
| g. | In addition, counsel shall email copies of all motions for summary judgment in standard Word format (.doc or .docx, and not .pdf format) to kawpo@cand.uscourts.gov. |

4. ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE

As ordered by the Court.

5. PRETRIAL CONFERENCE

a. A pretrial conference shall be held on January 24, 2017 at 3:00 p.m.  Lead counsel who will try the case (or the party if pro se) must attend.  The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

b. By December 27, 2016, thirty (30) days prior to the date of the pretrial conference,

lead counsel shall meet and confer regarding:

    (1) Preparation and content of the joint pretrial conference statement;

    (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

    (3) Settlement of the action.

  c. By January 6, 2017, twenty (20) days prior to the pretrial conference, counsel and/or parties shall:

    (1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

      (a) *The Action.*

        (i) <u>Substance of the Action</u>. A brief description of the substance of claims and defenses which remain to be decided.

        (ii) <u>Relief Prayed</u>. A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

      (b) *The Factual Basis of the Action.*

        (i) <u>Undisputed Facts</u>. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

        (ii) <u>Disputed Factual Issues</u>. A plain and concise statement of all disputed factual issues which remain to be decided.

        (iii) <u>Agreed Statement</u>. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

          (iv)    Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

   (c)   *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions.

   (d)   *Trial Preparation.*

          (i)    Witnesses to Be Called. With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

          (ii)    Estimate of Trial Time. An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

          (iii)    Use of Discovery Responses. Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

   (e)   *Trial Alternatives and Options.*

          (i)    Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

          (ii)    Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties,

4

claims or defenses.

  (f) *Miscellaneous.*

   Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard (no opposition shall be filed);

(3) Serve and file no more than ten motions in limine, which shall be filed in one document not to exceed 25 pages;

(4) Serve and file proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions **jointly**.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately.  The parties shall submit a **jointly prepared** proposed form of verdict, or, if the parties cannot agree, their respective proposals;

(5) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(6) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(7) Exchange exhibits which shall be premarked with an exhibit sticker tabbed and in binders. Plaintiff shall use numbers (1, 2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.); and

(8) Deliver three sets of all premarked exhibits to chambers, tabbed and in binders (exhibits are not to be filed).  The exhibits shall be marked with the

5

1         following tag (or similar):

> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
>
> Case No. _____
>
> **Trial Exhibit ___**
>
> Date Admitted_____
> By:_____
>         Susan Imbriani
>         Deputy Clerk

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court, twenty (20) days prior to the pretrial conference, without leave of the Court and for good cause. Furthermore, all parties are reminded of their disclosure duties under Federal Rule of Civil Procedure 26. Any document or witness that should have been disclosed under Rule 26 will not be introduced at trial.

   d.   By January 16, 2017, ten (10) days prior to the pretrial conference, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion *in limine*. No replies shall be filed. The parties shall not file separate objections, apart from those contained in the motions in limine, to the opposing party's witness list, exhibit list or discovery designations.

   e.   All motions shall be heard at the pretrial conference unless otherwise ordered.

6.   **JURY TRIAL**

   a.   The attached voir dire questionnaire (or similar) shall be given or presented to the venire members to be answered orally in Court. Counsel shall submit an agreed upon set of additional voir dire questions to be posed by the Court. Any voir dire questions on which counsel cannot agree may be submitted separately. Counsel shall be allowed brief follow-up voir dire after

1  the Court's questioning.

2        b. The following jury instructions from the <u>Ninth Circuit Manual of Model Civil Jury Instructions</u> (available on the Ninth Circuit website at *http://www.ce9.uscourts.gov*) shall be given absent objection:  1.1-1.2, 1.6-1.14, 1.18, 2.11, 3.1-3.3.  Counsel shall submit jointly an agreed upon set of case specific instructions, using the Ninth Circuit Manual where appropriate.  Do not submit duplicates of those listed above.  Any instructions on which counsel cannot agree may be submitted separately.  Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based and a reference to the party submitting it.  A second blind copy of each instruction and verdict form shall also be submitted omitting the citation to authority and the reference to the submitting party.

7. In addition to electronic filing, Counsel shall email copies of all proposed jury instructions, motions *in limine*, forms of verdict, and trial briefs in standard Word format (.doc or .docx, not .pdf format) to kawpo@cand.uscourts.gov.

8. <u>SUMMARY OF DATES</u>

| Trial | 02/06/17 |
|---|---|
| Pretrial Conference | 01/24/17 |
| Objections | 01/16/17 |
| Joint Pretrial Statement | 01/06/17 |
| Meet and Confer | 12/27/16 |
| Last day to Hear Dispositive Motions | 11/17/16 |
| Close of Expert Discovery | 10/17/16 |
| Rebuttal Expert Disclosure and Reports Provided | 10/03/16 |
| Expert Disclosure and Reports Provided | 09/19/16 |
| Non-Expert Discovery Cut-off | 09/19/16 |

///
///
///
////
///

1   A further Case Management Conference is scheduled for October 18, 2016 at 1:30 p.m.

2   IT IS SO ORDERED.

3   Dated: 07/28/16

_____
KANDIS A. WESTMORE
United States Magistrate Judge

# JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. Since we want to make copies for the attorneys and the Court, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name:

   _____

2. Your age: _____

3. The city where you live: _____

   How long have you lived there:_____

4. Your place of birth: _____

5. Do you rent or own your own home? _____

6. Your marital status: (circle one)

   single     married     live with partner     separated     divorced     widowed

7. What is your occupation, and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

   _____

   _____

8. Who is (or was) your employer?

   _____

9. Please list the occupations of any adults with whom you live.

   _____

10. If you have children, please list their ages and gender and, if they are employed, please give their occupations.

    _____

    _____

    _____

1  11.  Please describe your educational background:

2      Highest grade completed: _____

3      College and/or vocational schools you have attended:

4      _____

5      _____

6      _____

7      Major areas of study:_____

8  12.  Have you ever served on a jury before? _____ How many times?_____

9      If yes: State/County Court _____ Federal Court _____

10     When? _____

11     Was it a civil or criminal case? _____

12     Did the jury(ies) reach a verdict? _____

13 13.  Have you ever served on a grand jury? _____

14     If yes: State/County Court _____ Federal Court _____

15     When? _____

16     Was it a civil or criminal? _____

17 14.  Have you ever served in the military? _____

18     If yes: Country you served _____

19     Branch _____

20     Length of Service _____

21     Last Rank _____

22 15.  Attached is a list of the parties in this case, the law firms representing the parties, attorneys

23     in this case, and persons who are potential witnesses in this case. Do you know, or think

24     you know, any of the persons listed?

25         Yes:_____ No:_____

26     If so, make a checkmark next to their name.

27

28