United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRI ADAMS,

Plaintiff,

v.

CITY OF HAYWARD, et al.,

Defendants.

Case No. 14-cv-05482-KAW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 100

On September 20, 2016, the City of Hayward and Officers Antwan Nguyen, Gail Eakin, Tina Mills, and Jonathan Colton moved for summary judgment. Plaintiff Terri Adams opposes the motion. The Court held a hearing on the motions on November 3, 2016. Upon consideration of the moving and responding papers, as well as the arguments presented at the November 3, 2016 motion hearing, and for the reasons set forth below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

### A. Factual Background

On November 29, 2013, Plaintiff Terri Adams was arrested by Hayward police based on an outstanding traffic warrant. (First Amended Compl. ("FAC") ¶ 5, Dkt. No. 29.) Plaintiff complained about back pain, and requested medical attention and transportation to the hospital. (*Id.*)

On November 30, 2013, Plaintiff was handcuffed and escorted to a patrol car, which was parked in the Hayward Jail's sally port. (Adams Decl. ¶ 15, Dkt. No. 101-1; Nguyen Decl. ¶ 3, Dkt. No. 100-5; Eakin Decl. ¶ 4; Dkt. No. 100-4.) Plaintiff was directed to sit in the back of the patrol car, but was unable to do so due to her severe back pain. (Adams Decl. ¶ 16; Nguyen Decl.

¶ 4; Eakin Decl. ¶ 4.) Plaintiff requested an ambulance to take her to the hospital, and medical transport was contacted. (Adams Decl. ¶ 17; Nguyen Decl. ¶ 4; Eakin Decl. ¶¶ 4-5.)

The parties dispute what occurred next. Plaintiff alleges that Officer Eakin pulled her out of the car by her hair, placed her on the ground, and stomped Plaintiff on her back and kicked her in the side. (Adams Decl. ¶ 18; Nishioka Decl., Exh. 5, Adams Dep. 54:20-55:8, Dkt. No. 100-1.) While Plaintiff was on the ground, Officer Nguyen ground her hand into the floor. (Adams Decl. ¶ 19; Adams Dep. 55:10-12.) This resulted in Plaintiff's skin and right thumb nail coming off. (Nishioka Reply Decl., Exh. A, Adams Dep. 84:2-5, Dkt. No. 102.) Plaintiff further alleges that these actions aggravated her back injury. (Adams Decl. ¶ 21.)

Officers Nguyen and Eakin allege that Plaintiff requested that she lay on the ground due to her back pain. (Nguyen Decl. ¶ 5; Eakin Decl. ¶ 5.) The officers gently assisted her to the ground to help alleviate her back pain. (Nguyen Decl. ¶ 5; Eakin Decl. ¶ 5; Colton Decl. ¶ 3, Dkt. No. 100-3.) As Plaintiff lay on the ground, she began to flail her legs. (Eakin Decl. ¶ 6.) Fearing for Officer Nguyen's and her own safety, Officer Eakin gently placed her boot on Plaintiff's right thigh for about a minute and a half, until Plaintiff stopped flailing her legs. (*Id.*) During this time, Plaintiff was allegedly hostile and threatened to sue. (*Id.*; Colton Decl. ¶ 4.) Both officers deny kicking or stomping Plaintiff, and Officer Colton, who was present, did not see anyone kick Plaintiff or stomp on her hand or harm her in any way. (Nguyen Decl. ¶ 6; Eakin Decl. ¶ 7; Colton Decl. ¶ 4.) Plaintiff was subsequently taken to the hospital, accompanied by Officer Nguyen. (Nguyen Decl. ¶ 7; Eakin Decl. ¶ 8.)

After Plaintiff was released from the hospital, she was taken back to jail. (Compl. ¶ 10.) Officer Eakin went over to meet Plaintiff, who was seated in Officer Nguyen's patrol car in the sally port. (Eakin Decl. ¶ 9.) Plaintiff expressed that she was bipolar[1] and apologized for the way she acted. Officer Eakin told her there were no bad feelings. (*Id.*)

At the intake desk, Plaintiff alleges that she was approached from behind by Officer Mills, who grabbed her right hand and placed her in a wristlock. (Adams Decl. ¶¶ 3-4.) Although

[1] Indeed, Plaintiff's medical record from St. Rose Hospital, attached as Exhibit 8 to the Nishioka Declaration, states that Plaintiff has a history of bipolar disorder.

Plaintiff was not being threatening or hostile, Officer Mills body slammed her to the ground, without ever ordering her to go back to her cell. (Adams Decl. ¶¶ 7-9.) Once she was on the ground, she made no effort to resist. (Adams Decl. ¶ 14.) Officer Mills was joined by Officer Colton, who pulled her by the arms and "slid [her] on the floor before picking [her] up." (Adams Decl. ¶ 15.) In her deposition, however, Plaintiff states that she was not dragged along the floor, contrary to her complaint. (Adams Dep. 107:14-21; *see* FAC ¶ 10.)

Officers Mills alleges that Officer Nguyen transported Plaintiff to Santa Rita Jail, and Officer Mills met them outside of the jail. (Mills Decl. ¶ 3, Dkt. No. 100-2.) Immediately, she was met with hostility from Plaintiff. (*Id.* ¶ 4.) Plaintiff appeared to confuse her with a different officer and said Officer Mills had kicked and hit her. (*Id.*) During the booking process, Plaintiff "repeatedly turned towards [Officer Mills] and yelled and pounded her fists on the booking counter," directing profane comments at Officer Mills. (Mills Decl. ¶ 6.) After the booking process was completed, Officer Mills tried to escort Plaintiff to her cell, but Plaintiff refused. (Mills Decl. ¶ 7; Colton Decl. ¶ 8.) When Officer Mills asked her again, Plaintiff refused again, saying "I'm not going anywhere with you, you fucking bitch!" (*Id.*) Officer Mills told Plaintiff to go with her and again, she refused. (Mills Decl. ¶ 7.) Officer Mills attempted to place Plaintiff's right hand into a rear wrist lock, and Plaintiff pulled away from her. (*Id.*) Officer Mills again attempted to gain control of Plaintiff, who turned and raised her left arm as if to strike her. (Mills Decl. ¶ 7; Colton Decl. ¶ 8.) Officer Mills proceeded to take Plaintiff down in order to gain control of her. (*Id.*) Officer Mills and Colton then helped Plaintiff to her feet and walked her over to the cell. (Mills Decl. ¶ 8; Colton Decl. ¶ 9.) When Plaintiff was about to be placed in the cell, she stopped walking and skid her feet along the ground to resist being placed in the cell, but the officers were able to get her into the holding cell. (*Id.*) Once Plaintiff was in the cell, she immediately rushed the door and tried to kick it back open, but Officer Mills was able to quickly close and lock the door before Plaintiff reached it. (*Id.*)

**B. Procedural Background**

On December 16, 2014, Plaintiff filed her complaint against the City of Hayward, Officer Eakin, and Officer Nguyen, based on the Sally Port Incident. (Dkt. No. 1.) Plaintiff filed the

operative complaint on April 21, 2015, making claims against the City of Hayward and Officers Eakin, Nguyen, Mills, and Colton. Plaintiff asserts four causes of action: (1) a § 1983 claim for violation of her Fourth and Fourteenth Amendment rights, (2) a California Civil Code § 52.1 claim for violation of her constitutional rights, (3) assault, and (4) battery. (FAC ¶¶ 17-28.)

On September 20, 2016, Defendants filed a motion for summary judgment. (Defs.' Mot., Dkt. No. 100.) Defendants' motion included a video recording of the Sally Port Incident, and two recordings of the Intake Desk Incident. (Nishioka Decl., Exhs. 1-3.) Plaintiff filed her opposition on October 4, 2016. (Plf.'s Opp'n, Dkt. No. 101.) Plaintiff did not object to the video recording or any other exhibits filed by Defendants. Defendants filed their reply on October 11, 2016. (Defs.' Reply, Dkt. No. 102.)

## II. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Southern Calif. Gas. Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may discharge its burden of production by either (1) "produc[ing] evidence negating an essential element of the nonmoving party's case" or (2) after suitable discovery, "show[ing] that

the nonmoving party does not have enough evidence of an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000); *see also Celotex*, 477 U.S. at 324-25.

Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001). "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Id.* (citations and quotations omitted). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NMS Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255; *Hunt v. City of Los Angeles*, 638 F.3d 703, 709 (9th Cir. 2011).

## III. DISCUSSION

### A. 42 U.S.C. § 1983 Excessive Force Claim

"Section 1983 provides a cause of action against any person who, under the color of state law, abridges rights unambiguously created by the Constitution or laws of the United States. . . . [It] is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012) (internal quotations and citations omitted). Thus, to state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Both parties agree that only the Fourteenth Amendment applies in the instant case, rather than the Fourth Amendment.[2] (Defs.' Mot. at 8; Plf.'s Opp'n at 2.) To the extent Plaintiff brings claims under the Fourth Amendment, those claims are dismissed. The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2474 (2015). To show a Fourteenth Amendment violation, the "pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. This standard cannot be applied mechanically; "[r]ather, objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989). Further, this determination must be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* A non-exhaustive list of factors that bear on the reasonableness of the force used include:

> [1] the relationship between the need for the use of force and the amount of force used; [2] the extent of the plaintiff's injury; [3] any effort made by the officer to temper or to limit the amount of force; [4] the severity of the security problem at issue; [5] the threat reasonably perceived by the officer; and [6] whether the plaintiff was actively resisting.

*Id.* (citing *Graham*,, 490 U.S. at 396).

Defendants argue that they are entitled to summary judgment on Plaintiff's excessive force claim because the officers' actions were not objectively unreasonable. (Defs.' Mot. at 10.) Defendants' arguments are based primarily on their version of events, which they contend are

---

[2] The Ninth Circuit has held that "the Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest." *Pierce v. Mulnomah Cty.*, 76 F.3d 1032, 1043 (9th Cir. 1996). "After such time, the Fourteenth Amendment's Due Process Clause governs a pretrial detainee's excessive force claim." *Alexander v. City & Cty. of Honolulu*, 545 F. Supp. 2d 1122, 1132 (D. Haw. 2008) (citing *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1440 (9th Cir. 1991) (en banc)); *see also Nissen v. Cty. of Sumner*, No. 3:13-cv-842, 2015 WL 2404018, at *9 (M.D. Tenn. May 20, 2015) (applying Fourteenth Amendment to the plaintiff's excessive force claim where the challenged conduct occurred after the plaintiff's probable cause hearing). Here, Plaintiff was arrested pursuant to a warrant, and had already left the joint and sole custody of the arresting officers. (FAC ¶ 5; Nishioka Decl., Exh. 4.) At that point, her "detention f[ell] within the scope of the Fourteenth Amendment's guaranty of substantive due process." *Flemming v. Cty. of Alameda*, Case No. 14-cv-5542-TEH, 2015 WL 846713, at *2 (N.D. Cal. Feb. 25, 2016).

supported by the video exhibits. (*Id.* at 10-12.) Plaintiff contends that the video and her declaration contradicts Defendants' version of events, and that in her version of events, Defendants' actions were not objectively reasonable. (Plf.'s Opp'n at 3-6.)

**i. Sally Port Incident**

Having reviewed the video evidence and viewing it in the light most favorable to Plaintiff, the Court finds that the video directly contradicts Plaintiff's statements as to Officer Eakin's actions. Plaintiff claims that Officer Eakin pulled [her] down out of the car by [her] hair," pulled her to the ground, "stomp[ed]" her lower back, and kicked her in the side. (Adams Dep. 54:20-22; 55:3, 55:6-8, 62:5-6; *see also* Adams Decl. ¶ 18.) A careful review of the video does not show Officer Eakin pulling Plaintiff out of the patrol vehicle by her hair; at most, Officer Eakin briefly touches the back of Plaintiff's head as Plaintiff appears to fall forward, before taking hold of Plaintiff's arms near her wrists. There is no pulling gesture of any kind. Once Plaintiff is on the ground, Officer Eakin places her booted foot on Plaintiff's upper leg; Officer Eakin clearly does not kick Plaintiff, as one foot remains on Plaintiff's upper leg while Officer Eakin's other foot remains firmly planted on the floor. As Plaintiff's excessive force claim against Officer Eakin is based on the alleged pulling of hair, stomping on her lower back, and kicking her in the side—assertions that are directly contradicted by video evidence—the Court finds that there can be no genuine dispute as to what Officer Eakin did to Plaintiff during the Sally Port Incident.[3] At the hearing, Plaintiff's counsel conceded that the video did not show what Plaintiff claims occurred. Thus, the Court grants summary judgment in favor of Defendants as to Officer Eakin's actions during the Sally Port Incident.

The video, however, does not directly contradict Plaintiff's statements as to Officer Nguyen's actions. The video angle only shows Officer Nguyen's upper body, and while he does not appear to be moving, it is not absolutely clear that he is not "gr[inding Plaintiff's] hand into the floor," as Plaintiff has alleged. (Adams Decl. ¶ 19; *see also* Adams Dep. 55:10-12.) Although Defendants argue that Plaintiff's hands can be seen dipping in and out of the picture, there is a

[3] Plaintiff does not argue that the placement of the foot on her thigh alone constitutes excessive force. (*See* Plf.'s Opp'n at 3.)

fairly long period of time in which Plaintiff is on the ground, with Officer Nguyen standing close by, and her hands are not visible on the screen. (*See* Defs.' Reply at 4-5.) Thus, while Plaintiff's version of the facts seems highly unlikely, given that Officer Nguyen does not appear to be moving in the video and the lack of any medical evidence by Plaintiff of her hand injuries (despite testifying that her skin and thumb nail came off, and that she had been treated at two hospitals for her hand injuries), the video is not definitive proof that Officer Nguyen did not have his foot on Plaintiff's hands. (*See* Adams Dep. 84:2-17.) Without definitive proof, it is Plaintiff's statement of what happened against Officer Nguyen's and Officer Eakin's statements, and it is for a jury to decide whether they believe Plaintiff. Thus, the Court denies summary judgment as to Officer Nguyen's actions during the Sally Port Incident.

**ii. Intake Desk Incident**

As with the Sally Port Incident, the parties dispute what the two video recordings show. Ultimately, Defendants' argument is that Officer Mills's use of a take-down maneuver to gain control of Plaintiff was not excessive force given Plaintiff's refusal to follow Officer Mills's order, including raising her left arm and making a fist, while Plaintiff asserts that she never acted in a hostile manner towards Officer Mills. (Defs.' Mot. at 11-12; Plf.'s Opp'n at 4.) The parties also dispute whether Plaintiff was dragged along the floor by Officers Mills and Colton. (Plf.'s Opp'n at 5; Defs.' Reply at 5.)

With respect to Officer Mills's use of a take-down maneuver, the Court cannot determine from the video recordings whether Plaintiff was resisting Officer Mills's orders, particularly when there is no audio to either video recording. The video shows Officer Mills walking over to Plaintiff and taking her by the right arm, before ultimately using a take-down maneuver and pulling Plaintiff to the floor. It is not clear whether Plaintiff raises her left arm to resist or whether she was verbally resisting. Because it is not clear from the videos that Plaintiff resisted, and because Defendants' argument is based on whether Officer Mills was justified in using the level of force given Plaintiff's alleged resistance, the Court finds that there is a genuine dispute of material fact as to whether Plaintiff resisted. Thus, the Court denies summary judgment as to Officer Mills's take-down of Plaintiff.

As for Officer Colton, the parties do not dispute that Officer Colton was not involved in the take-down, except to assist in picking Plaintiff back up. (Plf.'s Opp'n at 5; Def.'s Reply at 5.) Plaintiff contends, however, that Officer Colton is liable for excessive force because he was an integral participant in the conduct causing the constitutional violation by filing a false police report and declaration as to what actions Officer Mills took, and because he participated in dragging Plaintiff along the floor as they picked her up. (Plf.'s Opp'n at 5.) The Court disagrees on both counts.

"An officer's liability under section 1983 is predicated on his 'integral participation' in the alleged violation." *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (citing *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996)). Integral participation, in turn, "require[s] some fundamental involvement in the conduct that allegedly caused the violation." *Id.* For example, an officer who arrives at a scene after an arrest was completed "d[oes] not participate in any integral way in the arrest." *Id.* By contrast, an officer's assistance in handcuffing a plaintiff which "was instrumental in the officers' gaining control of [the plaintiff,] which culminated in [the] application of hobble restraints" was integral to the application of the hobble restraints. *Id.*

Here, Officer Colton had no involvement in the take-down itself, but arrived after Officer Mills had already pulled Plaintiff onto the floor. Officer Colton's involvement was therefore more akin to the arrival of the officer after the arrest was completed, as the alleged violation (the take-down) was already accomplished. While Officer Colton could have been deemed to have participated in the constitutional violation by helping drag Plaintiff along the floor, the Court finds that Plaintiff was not dragged or slid along the floor. The video evidence shows Plaintiff being pulled up by Officers Mills and Colton, and then walked over to the holding cell. Plaintiff herself testified during her deposition that she was not dragged. (Adams Dep. 107:19-21.) Finally, to the extent Plaintiff argues that Officer Colton participated in the take-down by seeking to cover it up by filing a false police report and declaration, any alleged cover up of a constitutional violation is a separate act from the constitutional violation itself. The Court therefore finds that Officer Colton was not an integral participant in the take-down, and did not himself use any force against Plaintiff. Because there can be no genuine dispute that Officer Colton did not use force against

Plaintiff, the Court grants summary judgment in favor of Defendants as to Officer Colton's actions during the Intake Desk Incident.

**iii. Qualified Immunity**

In the alternative, Defendants contend that they are entitled to summary judgment based on qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotations omitted). "Thus, qualified immunity is a defense either if the plaintiff fails to make out a violation of a constitutional right or if the alleged violated right was not clearly established at the time of defendant's alleged misconduct." *Scocca v. Smith*, 912 F. Supp. 2d 875, 887 (N.D. Cal. 2012) (internal quotations omitted).

Because the Court has granted summary judgment in favor of Officers Eakin and Colton on the excessive force claims, the Court addresses only whether Officers Nguyen and Mills are entitled to qualified immunity for their actions. Ultimately, Defendants' qualified immunity arguments are based on their arguments that Officer Nguyen was not grinding Plaintiff's hand into the floor, and that Officer Mills was entitled to use force because Plaintiff was resisting. (Defs.' Mot. at 14.) As discussed above, there is a genuine dispute of material fact as to both these points, which is not clearly disposed of by the video recordings presented to the Court. Because there remains a factual dispute that cannot be decided by the Court on a motion for summary judgment, the Court cannot find that Officers Nguyen and Mills are entitled to qualified immunity. *See Foster v. City of Oakland*, 675 F. Supp. 2d 992, 1005 (N.D. Cal. 2009) (finding that because "[i]mportant disputes of material fact as to what actually happened during the incident in question remain unresolved . . . the court cannot make a ruling at this time on the qualified immunity issue").

**B. State Claims**

**i. Officers Mills and Colton**

Defendants argue that the state claims against Officers Mills and Colton fail because they are barred by the Government Tort Claims Act. California Government Code § 945.4 states that

"no suit for money or damages may be brought against a public entity . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." Plaintiff's claim, however, only discussed the Sally Port Incident, not the Intake Desk Incident. Thus, Plaintiff has failed to comply with the requirements of the Government Tort Claims Act as to her state claims against Officer Mills and Colton. Plaintiff does not dispute this, and states in her opposition that she "dismisses the state claims against Officers Mills and Colton." (Plf.'s Opp'n at 13 (all caps omitted).) The Court therefore grants summary judgment as to the state claims against Officers Mills and Colton.

**ii. Officers Eakin and Nguyen**

Plaintiff asserts three state claims against Officers Eakin and Nguyen for violation of California Civil Code § 52.1(b) ("Bane Act"), assault, and battery. Like excessive force, "[t]o prove a claim of assault or battery against a police officer under California law, a plaintiff must show that the officer's use of force was unreasonable." (*Holland v. City of SF*, No. C10-2603 TEH, 2013 WL 968295, at *4 (N.D. Cal. Mar. 12, 2013) (citing *Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272 (1998)). Similarly, "[t]he elements of a section 52.1 excessive force claim are essentially identical to those of a § 1983 excessive force claim. [Citations] Thus, where a plaintiff's claims under the federal and state constitutions are co-extensive, the discussion of a plaintiff's federal constitutional claim resolves both the federal and state constitutional claims." *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1168 (N.D. Cal. 2009).

As discussed above, the Court finds that the video recordings directly contradict Plaintiff's version of the Sally Port Incident as to Officer Eakin's actions, and that there is no genuine dispute of material fact. The Court thus GRANTS summary judgment in favor of Officer Eakin on the state law claims.

Again, however, it is not clear from the video whether Officer Nguyen did or did not grind Plaintiff's hand into the ground. Thus, a genuine dispute of material fact remains, and the Court DENIES summary judgment as to Officer Nguyen and the Sally Port Incident.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS summary judgment as to Officers Eakin

and Colton on all claims, and to Officer Mills as to the state claims. The Court DENIES summary judgment as to Officer Nguyen on all claims, and to Officer Mills as to the § 1983 excessive force claim. At the hearing, Plaintiff stated that she was dropping the *Monell* claim against the City; therefore, the Court GRANTS summary judgment as to the City on all claims.

The Court ORDERS the parties to contact Judge Vadas for a further settlement conference, to be completed by January 24, 2017, if possible.

IT IS SO ORDERED.

Dated: December 8, 2016

KANDIS A. WESTMORE
United States Magistrate Judge