UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ADAMS,<br>        Plaintiff,<br>    v.<br>CITY OF HAYWARD, et al.,<br>        Defendants. | Case No. 14-cv-05482-KAW<br><br>**ORDER REGARDING JOINT PRE-TRIAL STATEMENT**<br>Re: Dkt. No. 118 |

On July 28, 2016, the court issued a case management and pretrial order, which scheduled the instant case for a pretrial conference on January 24, 2017 and required that pretrial filings – including a joint pretrial statement, trial briefs, motions in limine, voir dire questions, jury instructions, verdict forms, excerpts from discovery, exhibit witness qualifications, and exhibits – be filed by January 6, 2017. (Dkt. No. 99.) The parties did not file any of the required documents on January 6, 2017. On January 9, 2017, the Court issued an order to show cause, requiring that the parties show cause why the court should not impose sanctions for failure to comply with a court order. (Dkt. No. 117.) The Court further stated that the Order to Show Cause would only be vacated if the parties filed the required pretrial conference filings by January 11, 2017. (*Id.* at 1.) The parties then filed a joint pre-trial statement. (Dkt. No. 118.) Having reviewed the joint pre-trial statement, the Court finds that it is inadequate and fails to comply with the July 28, 2016 case management and pretrial order.

First, the parties' joint pre-trial statement fails to provide the information required by the case management and pretrial order. This includes but is not limited to: (1) a plain and concise statement of undisputed facts and facts that the parties will stipulate to for incorporation into the trial; (2) a brief statement describing the substance of witness testimony to be given; and (3) an

1  estimate of the number of hours needed for presentation of each party's case, including possible
2  reductions in time through proposed stipulations. (*Compare* Dkt. No. 118 *with* Dkt. No. 99 at 3-
3  5.) Plaintiff also fails to provide a detailed statement of the claims for relief, particularly itemizing
4  all elements of damages and evidence to be presented concerning the amount of those damages.

5      Second, the parties appear to suggest that they will be filing and serving their exhibit lists,
6  jury instructions, and special verdict forms at the pretrial conference, and that "Motions in Limine
7  may be filed by the City prior to the *trial date*." (Dkt. No. 118 at 8 (emphasis added); *see also id.*
8  at 7 ("the parties [sic] respective exhibit lists will be served at the pretrial conference"), 8 ("Jury
9  instructions will be filed and served at the pretrial conference, as well as special verdict forms").)
10 The parties make no indication that they are aware of their obligation to designate excerpts from
11 discovery that the parties intend to present at trial. (*See id.* at 8.) Defendants also do not state
12 whether they will be serving and filing exhibits setting forth the qualifications and experience for
13 their expert witnesses, despite listing Dr. Stephen M. Raffle and Mr. Don S. Cameron as potential
14 experts. (*See id.* at 7.) This is contrary to the explicit requirements of the case management and
15 pretrial order, as well as the Court's January 9, 2017 order to show cause. (*See* Dkt. No. 99 at 5
16 (requiring that the parties serve and file proposed motions in limine, voir dire questions, jury
17 instructions, verdict forms, exhibit lists, expert qualifications, excerpts from discovery, and three
18 sets of premarked exhibits to chambers by January 6, 2017); Dkt. No. 117 at 1-2 (extending
19 January 6, 2017 deadline to January 11, 2017).)

20     Third, Defendants attempt to bring a motion to compel in the joint pretrial statement. (Dkt.
21 No. 118 at 8.) Defendants' motion violates the Court's standing order requirements for discovery
22 disputes. (Standing Order for Magistrate Judge Kandis A. Westmore at 3-6.) Furthermore, any
23 discovery dispute is untimely; Civil Local Rule 37-3 states: "Where the Court has separate
24 deadlines for fact and expert discovery, no motions to compel fact discovery may be filed more
25 than 7 days after the fact discovery cut-off." Here, the non-expert cut-off date was September 19,
26 2016, and thus any discovery disputes should have been raised by September 26, 2016. (*See* Dkt.
27 No. 99 at 7.)

28     Finally, the joint pre-trial statement fails to acknowledge the substantive rulings in the

2

1  Court's summary judgment order.  For example, Defendants list as a disputed legal issue
2  "[w]hether plaintiff is able to establish civil rights violation liability of the City of Hayward for the
3  actions of the of the [sic] defendant officers under *Monell v*[.] *Department of Social Services*[,]
4  436 U.S. 658."  (Dkt. No. 118 at 5.)  The Court previously granted summary judgment to the City
5  of Hayward on all claims, including the *Monell* claim; thus, no disputed legal issue on *Monell*
6  liability exists.  (Dkt. No. 108 at 12.)  Similarly, Plaintiff continues to state that Officer Eakin
7  pulled her from the vehicle by her hair, before kicking her in the side, despite the Court having
8  found that the video did not show these events.  (*Id.* at 7.)

In light of these deficiencies, the Court ORDERS the parties to file a new joint pretrial statement, which complies with the requirements of the case management and pretrial order, by **Thursday**, **January 12, 2017** at **4:00 p.m.**  The joint pretrial statement must be consistent with the Court's summary judgment ruling, and be limited to outstanding disputes between the parties. The parties are also expected to file all other required pretrial filings, including but not limited to motions in limine, voir dire questions, jury instructions, verdict forms, excerpts from discovery, exhibit lists, expert qualifications, and premarked exhibits, by **January 12, 2017** at **4:00 p.m.**  The premarked exhibits must be received by the Court by this deadline.  Failure to timely provide exhibits and adequately disclose witnesses and expert qualifications may result in exclusion of such evidence.  (*See* Dkt. No. 99 at 6.)  The parties are also expected to fulfill their meet and confer obligations to resolve any objections prior to filing any evidentiary objections or opposition to motions in limine, which are due on January 16, 2017.  (*Id.*)  Failure to comply with these requirements may result in sanctions.

///
///
///
///
///
///
///

Additionally, Defendants' counsel is required to provide a copy of this order and the January 9, 2017 order to show cause to the City of Hayward's City Attorney.[1]

IT IS SO ORDERED.

Dated: January 10, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] The Court noticed that the City Attorney is not on the docket to receive ECF filings in this case.

United States District Court
Northern District of California