UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ADAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF HAYWARD, et al.,<br><br>    Defendants. | Case No. 14-cv-05482-KAW<br><br>**PRETRIAL CONFERENCE TENTATIVE RULING** |

## I. MOTIONS IN LIMINE

Relevant evidence is any evidence that has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. 401. The Court has discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

| MIL | Motion | Ruling | Reason/Explanation |
|---|---|---|---|
| $P_1$ | To exclude character evidence of specific instances of conduct to impeach Plaintiff's character and from introducing irrelevant evidence or asking prejudicial questions about Plaintiff's character | **GRANTED IN PART; DENIED IN PART** | Evidence of acts prior to November 30, 2013 is excluded unless Plaintiff opens the door to impeachment by contradiction. Evidence of the January 18, 2014 vandalism event is excluded. Evidence of the February 1, 2014 arrest is permitted for rebuttal of damages only. |

| | | | |
|---|---|---|---|
| $D_1$ | To exclude Plaintiff's testimony regarding whether Defendants lacked a legal justification to use force, and whether Defendants' use of force constitutes excessive force or was objectively unreasonable | **GRANTED** | Plaintiff did not oppose.  Issues of legal justification and excessive force are factual determinations to be decided by a jury. |
| $D_2$ | To exclude complaints, allegations of misconduct, investigations into alleged misconduct, and civil lawsuits concerning the City of Hayward and Defendants | **GRANTED** | Plaintiff did not oppose.  Introduction of complaints and allegations of misconduct may also present hearsay issue. |
| $D_3$ | To bifurcate the trial into liability and damages phases | **DENIED** | Plaintiff did not oppose. Defendants' concern about responding to Plaintiff's witnesses on damages, however, is negated by Plaintiff having no witnesses on damages other than herself. |
| $D_4$ | To exclude witnesses and evidence not disclosed to Defendants | **GRANTED** | Plaintiff did not oppose.  Rule 37 permits the exclusion of information at trial that was not properly disclosed under Rule 26. |
| $D_5$ | To exclude evidence of police brutality, excessive force, or the Black Lives Matter movement generally | **GRANTED** | Plaintiff did not oppose.  Evidence has no relevance, and creates risk of undue prejudice. |
| $D_6$ | To exclude evidence of Plaintiffs' loss of income or loss of economic opportunity | **GRANTED** | Plaintiff did not oppose.  Rule 37 permits the exclusion of information at trial that was not properly disclosed under Rule 26. |
| $D_7$ | Seeking terminating sanctions for failure to produce evidence | **DENIED** | Plaintiff did not oppose. Rule 37(e) is inapplicable, and Defendants fail to show why terminating sanctions are necessary to cure any prejudice to them. Further, Defendants never sought to compel production. |

## II. DAMAGES

Plaintiff shall be prepared to explain, at the pretrial conference, why the following damages may be awarded in this case, what evidence Plaintiff has that such damages resulted from the events at issue in this suit, and what evidence Plaintiff has in support of the amounts sought.[1]

1. Direct doctor expenses (unknown amount)
2. Planet Fitness Year Membership ($480)
3. Medications (unknown amount)
4. December 12, 2013 ambulance expenses ($1,044.16)
5. January 2, 2014 hospital expenses[2] ($6,170)
6. September 8, 2014 hospital expenses ($1,883)
7. November 10, 2014 hospital expenses ($1,217)
8. November 10, 2014 Sutter Health expenses ($2,483)
9. August 2015 transportation expenses ($6,000)
10. December 10, 2013 to January 17, 2014 expenses[3] ($1,188)
11. Grand Chiropractic services ($19,930)
12. Therapeutic bed ($2,499)
13. Relocation costs ($1,200)

---

[1] Plaintiff has not, for example, designated an expert witness. Several courts have precluded lay witness testimony regarding any medical matters which require scientific, technical, or other specialized knowledge, such as matters concerning diagnosis, opinion, inference, or causation. *See Edwards v. Desfosses*, 1:13-cv-1013-SAB (PC), 2016 U.S. Dist. LEXIS 34168, at *9-10 (E.D. Cal. Mar. 15, 2016) (allowing the plaintiff to testify as to what he saw or felt relating to his medical needs or condition as a result of the complained of incident, but precluding the plaintiff from testifying regarding a diagnosis, opinion, inference, or causation, or offering any opinions or inferences from any medical records); *Martinez v. Allison*, 1:11-cv-1749-RRB, 2015 U.S. Dist. LEXIS 54887, at *4-5 (finding that the plaintiff could testify as to the injuries he contended he suffered as a result of the defendant's alleged conduct, but that as a lay person he could not testify as to the diagnosis, prognosis, opinion, inference, or causation of his injuries, nor could he present medical evidence unless it was introduced in accordance with the applicable Federal Rules of Evidence) (E.D. Cal. Apr. 27, 2015); *Xiong v. Kirkland*, 2:09-cv-3345-MCE-AC, 2014 WL 280973, at *1 (E.D. Cal. Jan. 24, 2014) (allowing the plaintiff to testify as to what he experienced as a result of the alleged incident of excessive force, but precluding the plaintiff from offering any opinions or inferences from any medical records).

[2] These expenses include a drug screen, urine tests, and a pregnancy test. (Dkt. No. 132 at 8.)

[3] The Court observes that this amount includes an outstanding balance of $545 from November 25, 2013, **prior** to Plaintiff's November 30, 2013 arrest.

3

14. Loss of income ($40,000)

### III.  EVIDENTIARY ISSUES

First, the Court has reviewed the parties' joint exhibit list.  (Dkt. No. 127.)  The parties shall be prepared to explain the relevance of the following exhibits, and why these exhibits should not be excluded:

1. **Exhibit 1:** December 16, 2014 complaint filed in the instant case
2. **Exhibit 2:** December 16, 2014 civil cover sheet
3. **Exhibit 3:** May 20, 2014 Second Chance Anger Management Classes log
4. **Exhibit 16:** January 2, 2014 hospital records
5. **Exhibit 18:** January 18, 2014 police summary report[4]
6. **Exhibit 25:** August 2015 motion to withdraw
7. **Exhibit 26**: E-mail correspondence related to August 2015 motion to withdraw
8. **Exhibit 27**: December 8, 2015 declaration listing attorneys Plaintiff contacted to pursue settlement discussions

Second, the Court's July 28, 2016 case management and pretrial order for jury trial required that the parties "[d]esignate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission." (Dkt. No. 99 at 4.)  The parties were reminded of this requirement in the Court's January 9, 2017 order to show cause and January 10, 2017 order regarding the joint pre-trial statement.  (Dkt. No. 117 at 1, Dkt. No. 119 at 2.)  Defendants have apparently designated 148 pages of testimony from Plaintiff's June 2, 2015 deposition, while Plaintiff has not made any designations.  (*See* Dkt. No. 120 at 9.)  Defendants shall be prepared to explain why it is necessary to designate 148 pages of Plaintiff's deposition testimony.  Plaintiff shall be prepared to explain if she intends to designate any discovery response (for purposes other than impeachment and rebuttal) and if so, why such designations should not be excluded for failure to comply with the Court's orders.

---

[4] Unlike the February 1, 2014 arrest, the January 18, 2014 event concerned an accusation that Plaintiff broke a neighbor's home window, but no eyewitness testimony.

4

Finally, Defendants state they will present expert testimony from Dr. Stephen Raffle regarding "symptoms that can be attributed and that generally apply to a person diagnosed as bipolar and who is in a manic or depressed state." (Dkt. No. 132 at 5.) Defendants shall be prepared to explain how Dr. Raffle's testimony is relevant to this case, including what evidence exists to show that Plaintiff was in a manic or depressed state on November 30, 2013.

### IV.     JURY INSTRUCTIONS

The parties submitted joint jury instructions, but did not provide any instructions regarding damages. The Court will provide complete jury instructions at the pre-trial conference.

### V.     JURY VERDICT FORM

The parties provided a joint jury verdict form, comprised of seven special verdict forms. (Dkt. No. 124.) The special verdict forms concerning the substantive causes of action refer to questions on the special verdict form "Compensatory Damages" that do not exist. (*See* Dkt. No. 124 at 4 (referring to Questions 2(a)-(b)), 6 (same), 8 (referring to Questions 1(a)-(h)), 10 (same), 12 (same), 13 (listing Questions 1(a) and 2 only).) The proposed verdict forms also contain grammatical errors and inconsistent use of italics and underlining. The parties are to resubmit their joint jury verdict form, correcting the above errors, prior to the pre-trial conference.

### VI.     JURY QUESTIONNAIRE

The parties shall be prepared to explain the relevance and propriety of the following questions on the joint proposed jury questionnaire:

20(a).   People who meet with misfortune have usually brought it upon themselves.

20(b).   There are too many frivolous lawsuits.

20(c).   Jury awards in lawsuits are generally too low/about right/too high/no opinion.

21.   In terms of your political outlook, do you usually think of yourself as very conservative/somewhat conservative/middle of the road/very liberal/somewhat liberal/not political.

26.   Have you ever:

        a.      Been a victim of a crime?[5]

        b.      Witnessed a violent act or crime being committed?

        c.      Been involved in a criminal lawsuit as a defendant or victim

        d.      Ridden in a Police Patrol Vehicle?

        e.      Witnessed an incident where the police arrested someone?

        f.      Known anyone personally who has committed a crime or been arrested?

27.     What do you feel is the primary cause of crime in our community?

28.     Have you ever been a member of, or otherwise associated with, any of the following organizations: Parent Teachers Association (PTA), American Civil Liberties Union (ACLU), and community block associations or block watch associations such as Neighborhood Watch.

29.     Opinions regarding the following:

        a.      The police are overly constrained in their enforcement of the law.

        b.      Criminals should be reformed, not punished.

        c.      Police officers must perform perfectly while on duty.

        d.      The courts are too lenient in the way they treat criminal defendants.

        e.      Crime is one of the most important problems in society today.

30.     Have you or anyone you know ever been accused of a mistake at work?

## VII.  OTHER MATTERS

The Court requires that Plaintiff Terri Adams personally attend the January 24, 2017 pre-trial conference, in addition to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: January 20, 2017

                                                          KANDIS A. WESTMORE
                                                          United States Magistrate Judge

---

[5] The instant case is not a criminal matter.